UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor, United States<br>Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff | )<br>) |
| v. | )<br>) |
| WIN.IT AMERICA, INC., | ) **COMPLAINT**<br>) (Injunctive Relief Sought)<br>) |
| Defendant | ) |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter the Act or the FLSA, is brought by the Acting Secretary of Labor, pursuant to Section 17 of the Act, to restrain the Defendant, WIN.IT America, Inc., from violating Section 12(c) of the Act, 29 U.S.C. § 212(c), and prohibiting the Defendant from shipping or delivering for shipment in interstate commerce any goods produced, manufactured, handled or in any other manner worked on at the facility the Defendant operates in Hebron, Kentucky.

**JURISDICTION AND VENUE**

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the U.S. District Court for the Eastern District of Kentucky because a substantial part of the events giving rise to the claim occurred in this judicial district.

**FACTUAL ALLEGATIONS**

3. Plaintiff Julie A. Su, the Acting Secretary of Labor, U.S. Department of Labor, is authorized to bring actions to restrain violations of Section 12 and other provisions of the FLSA. *See* 29 U.S.C. §§ 215 and 217.

  4. Defendant WIN.IT America, Inc. is a corporation organized under the laws of California with a place of business located in 2125 Gateway Blvd., Hebron, Kentucky 41048. Defendant operates a warehouse and distribution facility at this location.

  5. At all times hereinafter mentioned:

  A. Defendant is engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

  B. Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

  C. Therefore, during the period at issue, employees were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Sections 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were, therefore, subject to Sections 12 and 15 of the Act, 29 U.S.C. §§ 212, 215.

  6. On or about August 23, 2023, and in the weeks preceding this date, Defendant repeatedly violated the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and regulations found at 29 C.F.R., Part 570, by employing oppressive child labor, within the meaning of § 3(l) of the Act, 29 U.S.C. § 203(l), in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as aforesaid, in that Defendant employed minors under the age of 16 years as prohibited by the aforesaid regulations.

      7.      One minor, under the age of 16, operated a power-driven hoisting apparatus and, at the same time, worked in an occupation in connection with warehousing and storage, in violation of 29 C.F.R. §§ 570.33 and 570.58. Another minor, again under the age of 16, worked in an occupation in connection with warehousing and storage, in violation of 29 C.F.R. § 570.33, and in violation of the general prohibition against employing individuals under the age of 14, 29 C.F.R. § 570.119. Both minors also worked hours in excess of that permitted by 29 C.F.R. § 570.35.

## **PRAYER FOR RELIEF**

      WHEREFORE, cause having been shown, the Secretary respectfully requests that the Court enter judgment against Defendant and provide the following relief:

      A.      Issue an order permanently enjoining and restraining the Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from violating the provisions of Section 12(a) of the Act, 29 U.S.C. § 212(a);

      B.      Issue an order permanently enjoining and restraining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from violating the provisions of Section 12(c) of the Act, 29 U.S.C. § 212(c); and

      C.      Issue an order awarding the Acting Secretary with any other relief the Court deems necessary and appropriate.

[*Signature on Following Page.*]

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SEEMA NANDA<br>Solicitor of Labor |
| POST OFFICE ADDRESS: | TREMELLE I. HOWARD<br>Regional Solicitor |
| Office of the Solicitor<br>U. S. Department of Labor<br>618 Church Street, Suite 230<br>Nashville, Tennessee 37219<br>Telephone: 615/781-5330<br>nash.fedcourt@dol.gov<br>shepherd.matt@dol.gov<br>murphy.kristin.r@dol.gov | SCHEAN G. BELTON<br>Associate Regional Solicitor<br><br>MATT S. SHEPHERD<br>Counsel for Wage and Hour<br><br> /s/ Kristin R. Murphy<br>KRISTIN R. MURPHY<br>Senior Trial Attorney<br><br>U. S. Department of Labor<br>Attorneys for Plaintiff |