# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION AT COVINGTON

Eastern District of Kentucky
FILED
SEP 08 2023
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| JULIE A. SU,<br>Acting Secretary of Labor, United States<br>Department of Labor,<br><br>       Plaintiff<br><br>v.<br><br>WIN.IT AMERICA, INC.,<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT ORDER AND PERMANENT INJUNCTION

This matter is before the Court on the parties' joint motion for entry of consent order and permanent injunction. The parties have advised the Court that they have resolved this matter and that the Defendant has consented to the entry of this order without further contest. Based on the parties' agreement, it is therefore ORDERED, ADJUDGED and DECREED that the Defendant, WIN.IT America, Inc., their agents, servants, employees, and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as the Act or the FLSA, in any of the following manners:

    1. Defendant shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Child Labor Reg. 3, 29 C.F.R. §§ 570.31-.38, engage in oppressive child labor as defined by Section 203(l), including but not limited to, employing any individual under the age of 16 in occupations in connection with warehousing and storage.

    2. Defendant shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulations found at 29 C.F.R. § 570.50-.68, employ any individual under the age of 18 in any occupation deemed hazardous for minors between 16 and

18 years of age by the U.S. Department of Labor, including but not limited to the operation of power-driven hoisting apparatuses, such as forklifts.

3. Defendant shall not, contrary to the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and Regulation found at 29 C.F.R. § 570.2, employ any individual under the age of 16 in any occupation that is not specifically permitted by the Regulation.

It is further ORDERED, ADJUDGED and DECREED that:

4. Defendant, its agents, officers, managerial employees, employees involved in hiring, and subcontractors employed for the purpose of providing labor, shall make, keep, and preserve records showing the wages, hours, and other conditions of work for each of their employees in accordance with 29 U.S.C. § 211(c), including accurate records of the date of birth submitted for all employees under the age of 19 in accordance with 29 C.F.R. § 516.2(a)(3). Defendant shall make such records available to representatives of the Plaintiff within 72 hours following notice from a representative of the Wage and Hour Division, unless otherwise specified and/or agreed by the parties.

5. Within the next thirty (30) days, Defendant shall pay civil money penalties to the Plaintiff in the amount of $30,276 for the child labor violations at issue. This payment can be made online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/75522411 or by going to www.pay.gov and searching "WHD CMP Payment - SE Region." Defendant also has the option to pay by certified check or money order payable to "Wage and Hour Division - Labor" delivered or mailed to Karen Garnett-Civils, District Director, Wage & Hour Division, U.S. Department of Labor, 600 Dr. Martin Luther King Jr. Place, Room 352, Louisville, Kentucky 40202.

6. Defendant shall ensure that training materials for employees, subcontractors, staffing agencies, and any other entity providing labor, will address compliance with the child labor standards. This shall be done within the next ninety (90) days. Defendant shall also incorporate such changes in its management training program within the next ninety (90) days as well.

7. Within 90 days of the entry of this Consent Order, Defendant will hire a third-party consultant or compliance specialist (hereinafter the "compliance specialist") with knowledge and experience in the requirements of compliance with the FLSA's child labor provisions. The compliance specialist shall be sufficiently proficient in the written and spoken language predominantly used by employees or shall use an appropriate interpreter or translator when interacting with employees. The compliance specialist shall provide semi-annual child labor compliance training to all management personnel for a period of three years at Defendant's facilities. Defendant also will train all new managers as part of their onboarding process during the time period indicated. Defendant shall, in conjunction with the compliance specialist, maintain training logs reflecting the nature of the training, participants, and date(s) of training. Prior to any training, the compliance specialist shall work with Defendant to review and suggest revisions to Defendant's policies and procedures to assist Defendant in complying with the FLSA's child labor provisions, and Defendant shall confer with the compliance specialist regarding all recommended changes to Defendant's policies and procedures.

8. Defendant shall impose sanctions, up to and including termination and/or suspension, upon any management personnel responsible for child labor violations.

9. Defendant shall ensure that all workers employed at any of its facilities, including those employed by subcontractors and staffing agencies, are employed in compliance with Section 12(c) of the FLSA, 29 U.S.C. § 212(c). This shall be done within the next thirty (30) days. Upon completion of this task, Defendant shall report to Plaintiff regarding any future violations that are found and inform Plaintiff as how it plans to address such violation(s).

10. Defendant shall post signage on all equipment at its facilities that, pursuant to 29 C.F.R., Part 570, cannot be operated by individuals under the age of 18. Such equipment includes but is not limited to forklifts. The signage shall make clear that individuals under the age of 18 are prohibited from operating the equipment. Defendant shall provide training on the meaning of this

signage to all workers at its facilities in a language that the workers understand. This signage shall be posted and the training shall be completed within the next thirty (30) days.

11. For purposes of this Consent Order and enforcement thereof, the Plaintiff specifically reserves the right to investigate Defendant's future compliance with the terms of this Consent Order and any subsequent claims of Defendant employing oppressive child labor. Defendant acknowledges the Wage and Hour Divisions' authority under § 11(a) of the FLSA to "enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211(a).

12. Defendant agrees that they shall not take any retaliatory action against any employee (including family members or guardians of minor children allegedly employed by Defendant) in violation of 29 U.S.C. § 215(a)(3) of the FLSA because an employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee regarding child labor. Prohibited retaliatory action, includes but is not limited to, reporting or threatening to report, directly or indirectly, any such individual to law enforcement agencies based on the person's actual or perceived immigration status, or initiating an internal I-9 audit or other reverification process for the purpose of retaliating against any worker or chilling that worker's rights under the FLSA. It shall not be considered a retaliatory action to terminate any individual who is determined to be a minor or whose age cannot be verified or confirmed on the basis, in whole or in part, of a review of any provided documentation.

It is FURTHER ORDERED that each party shall bear such other of its own attorney fees and expenses incurred by such party in connection with any stage of this proceeding, including but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as

amended. This Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this order.

8 Sept. 23

Signed By:
*David L. Bunning*
United States District Judge

UNITED STATES DISTRICT JUDGE

*Approved for Entry*:

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5330
*nash.fedcourt@dol.gov*
*shepherd.matt@dol.gov*
*murphy.kristin.r@dol.gov*

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

MATT S. SHEPHERD
Counsel for Wage and Hour

*/s/ Kristin R. Murphy*
KRISTIN R. MURPHY
Senior Trial Attorney

U. S. Department of Labor
Attorneys for Plaintiff

Dorsey & Whitney, LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
Telephone: (612) 340-2600
*bernhard.rebecca@dorsey.com*
*mick.ryan@dorsey.com*

*/s/ Rebecca J. Bernhard*
Rebecca J. Bernhard
Ryan E. Mick

Attorneys for Defendant